17 U.S. 214 (____)
4 Wheat. 214
The GENERAL SMITH: HOLLINS et al., Claimants.
Supreme Court of United States.

*215 March 9th. Pinkney, for the appellants and claimants.
*216 *443] *March 10th, 1819. STORY, Justice, delivered the opinion of the court.
No doubt is entertained by this court, that the admiralty rightfully possesses a general jurisdiction in cases of material-men; and if this had been a suit in personam, there would not have been any hesitation in sustaining the jurisdiction of the district court. Where, however, the proceeding is in rem, to enforce a specific lien, it is incumbent upon those who seek the aid of the court, to establish the existence of such lien in the particular case. Where repairs have been made, or necessaries have been furnished to a foreign ship, or to a ship in a port of the state to which she does not belong, the general maritime law, following the civil law, gives the party a lien on the ship itself for his security; and he may well maintain a suit in rem, in the admiralty, to enforce his right. But in respect to repairs and necessaries in the port or state to which the ship belongs, the case is governed altogether by the municipal law of that state; and no lien is implied, unless it is recognised by that law. Now, it has been long settled, whether originally upon the soundest principles, it is now too late to inquire, that by the common law, which is the law of Maryland, material-men and mechanics furnishing repairs to a domestic ship, have no particular lien upon the ship itself for the recovery of their demands. A ship-wright, indeed, who has taken a ship into his own possession to repair it, is not bound to part with the possession, until he is paid for the repairs, any more than any *444] other artificer. But if he has once parted with the possession, *or has worked upon it, without taking possession, he is not deemed a privileged creditor, having any claim upon the ship itself.
Without, therefore, entering into a discussion of the particular circumstances of this case, we are of opinion, that here there was not, by the principles of law, any lien upon the ship; and, consequently, the decree of the circuit court must be reversed.
Decree reversed.[(a)]
NOTES
[(a)] See The Aurora, 1 Wheat. 96, 103, in which case a lien of material-men on foreign ships was recognised by this court. The common law is the municipal law of most of the states, as to supplies furnished to domestic ships: but the legislature of New York has, by statute, given a lien to ship-wrights, material-men and suppliers of ships, for the amount of their debts, whether the ships are owned within the state or not. Acts of 22d sess. c. 1, and 40th sess. c. 59. This lien existing by the local law, may consequently be enforced, upon the principle of the above case in the text, by a suit in rem in the admiralty.¹

¹ It was decided in Peyton v. Howard, 7 Pet. 324, that when the state law give a lien for supplies furnished to a domestic vessel, in her home port, it may be enforced by a proceeding in rem in the court of admiralty; and in 1844, in pursuance of authority conferred upon the supreme court by the acts of 8th May 1792, and of the 23d August 1842, it adopted, what is know as the 12th rule in admiralty, which provided, that "in all suits by material-men for supplies, repairs or other necessaries for a foreign ship, or for a ship in a foreign port, the libellant may proceed against the ship and freight in rem, or against the master and owner alone in personam; and the like proceeding in rem shall apply to cases of domestic ships, where, by the local law, a lien is given to material-men for supplies, repairs and other necessaries." Under this rule, the jurisdiction in rem was always sustained. The state lien, however, was enforced, not as a right which the court was bound to carry into execution, upon the application of the party, but as a discretionary one, which the court might lawfully exercise, for the purposes of justice, where it did not involve controversies beyond the limits of admiralty jurisdiction. The St. Lawrence, 1 Black 530. In many of the states, however, the laws were found not to harmonize with the principles and rules of the maritime code, and embarrassed the federal courts in applying them. And accordingly, in 1859, the last clause of the 12th rule was modified, so as to read as follows: "And the like proceeding in personam, but not in rem, shall apply to domestic ships for supplies, repairs or other necessaries." This rule, whilst in force, took away the power from the district courts to enforce such claims against domestic vessels by process in rem. The Adele, 1 Ben. 309; The Circassian, 11 Bl. C.C. 472. But in 1872, the rule was again amended, so as to provide, that "in all suits by material-men for supplies or repairs or other necessaries, the libellant may proceed against the ship and freight in rem or against the master or owner alone in personam." And this restored the old rule, giving the proceeding in rem to enforce liens created by the state law. The Lottawanna, 21 Wall. 558. And see Norton v. Switzer, 93 U.S. 366-66; The Mary Gratwick, 2 Sawyer 342; The Lewellen, 4 Biss. 156, 167.]