### JAMES A. DONALDSON v. E. G. AND KATE RALL.

Decided September 30, 1896.

**1. Partition—Agreed Boundary—Mutuality.**

A boundary line between the east and west halves of a survey was improperly located by mistake by a surveyor employed by the owner of one half, who had previously sold a parcel thereof to a vendee who was not present at and did not assent to such survey. Held, that the location of the land of such vendee must be determined by the facts and conditions existing at the time of the conveyance and the vendor and his heirs were not concluded as to such vendee by their agreement with other parties as to the boundary, not mutually binding upon them and such vendee.

**2. Improvements—Good Faith.**

The heirs of a former owner whose deed to his vendee was on record were not entitled, on its recovery by such vendee, to a claim for improvements as made in good faith.

APPEAL from the District Court of Cooke County. Tried below before Hon. D. E. BARRETT.

*Potter & Potter*, for appellant.—Appellees were bound by the division line established by Wm. Crenshaw in his life time, and the appellant could force them to recognize and regard such division line. Hefner v. Downing, 57 Texas, 576; McArthur v. Henry, 35 Texas, 802; Harn v. Smith, 79 Texas, 311.

Crenshaw had as much interest in the locality of the division line as Loring or Donaldson, and had the same right as they to be consulted about it, and he having fixed it at a certain point, he nor his heirs can be heard to repudiate it. Timon v. Whitehead, 58 Texas, 290.

The appellant was not estopped from claiming the division line to be where Crenshaw and Loring had by agreement placed it, as he had never said or done anything to lead any one to believe that he would act otherwise. Bynum v. Preston, 69 Texas, 287; Brown v. McLennan, 60 Texas, 43; Lewis v. Castleman, 27 Texas, 407; 58 Texas, 295 and 403.

*Eldridge & Gardner*, for appellees.—When a marked line is claimed to be the line of a survey, it is only when the line can be identified on the ground as the one made by the surveyor that it will control a call for course and distance. Fagan v. Stoner, 67 Texas, 286.

Where the corners of a survey are uncertain, course and distance will

prevail. McCown v. Hill, 26 Texas, 359; Robinson v. Doss, 53 Texas, 496.

Where corners of senior and junior surveys have been established by acquiescence, they are not binding on parties who did not agree to same, and who do not own the lands adjacent to same. 1 Wait's Actions and Defenses, 719.

The court erred in finding that defendants Rall were not in possession of said land in good faith, and in refusing to give them judgment for the value of their improvements. Sayles' Texas Civil Statutes, art. 4813.

Appellees were not bound by the alleged division line claimed by appellant to have been made by Wm. Crenshaw in his life-time, and appellant could not force appellees to recognize and regard such division line, as Crenshaw did not, at the time the court found said line was run, in 1872, own the land on either side of said line, Crenshaw having sold 404 acres off the west end of the east half of said survey in 1867 to plaintiff, and he, Crenshaw, had no control or ownership over said land as to make it binding on him, and Crenshaw never having consulted, spoken to, or in any manner agreed or pointed out said line to plaintiff Donaldson, or made any representations to said Donaldson concerning same, or done any act to mislead plaintiff Donaldson, and said Donaldson never having claimed or known of said line until after the filing of this suit, and having repudiated said line by filing suit against the defendants, Meade, Hopper and others, as shown in plaintiff's petition. 1 Wait's Actions and Defenses, 719, 720.

Crenshaw did not have any interest in locating the division line, as he did not own the land, and an agreement on the part of Donaldson with Loring would not have been binding on Crenshaw, neither is an agreement, if any, between Crenshaw binding on Donaldson.

Appellant was estopped from claiming the pretended division line to be where appellant claims Crenshaw and Loring placed it, as he brought suit against the defendants, Meade, Harrison, Hopper and others, for land west of pretended division line, and when he found he was barred by limitation as to them, he dismissed suit as to them and claimed his 404 acres from appellees.

KEY, Associate Justice.—On the 18th of November, 1892, James A. Donaldson instituted suit in the District Court of Cooke County, Texas, against E. G. Rall and his wife Kate Rall, and also against J. T. Hopper, J. M. Meade, T. S. Harrison and Levi Stump, to recover 404 acres of land out of the E. Langford survey of land in Cooke County, Texas, beginning 103 varas west from the northeast corner of said Langford survey, thence west 800 varas to John Loring's corner; thence south 2850 varas; thence east 800 varas; thence north 2850 varas to the place of beginning.

On April 14, 1893, the defendants, Hopper, Meade, Harrison and

Stump, answered by plea of not guilty, and statute of five and ten years limitation, and suggestion of improvements in good faith.

On May 3, 1894, the suit was dismissed as to the last named defendants and continued as to defendant E. G. and Kate Rall.

On April 28, 1894, defendants, E. G. Rall and Kate Rall, answered by plea of not guilty, plea of limitation of three, five and ten years, and suggestion of improvements in good faith.

On the 4th of January, 1895, after case had been tried by the court, without a jury, judgment was rendered for plaintiff for two hundred and two acres of the E. Langford survey, beginning on the north boundary line of the E. Langford survey at the northeast corner of the fence originally erected by one Smith, and at the northeast corner of a tract of land of eight acres deeded by the Loring heirs to said Smith, out of the E. Langford survey; thence south 2850 varas to the south boundary line of the said E. Langford survey, the southeast corner Thad Harris' fence; thence north 2850 varas, north boundary line of said Langford survey; thence west 404 varas to the beginning.

Defendants E. G. Rall and Kate Rall, as well as plaintiff, James A. Donaldson have appealed.

The trial judge filed the following conclusions of fact and law:

1st.   That the Eleanor Langford survey, of which the land in controversy is a part, was patented to John Loring and William Crenshaw. That subsequently, viz: on the ————— day of ————————— said John Loring deeded to said Wm. Crenshaw, the east half of said survey, and Crenshaw deeded to Loring the west half thereof, but the division line was not marked on the ground or otherwise designated.

2nd.   On the 14th day of January, 1867, Wm. Crenshaw deeded to plaintiff 404 acres out of the said east half bounded as follows: viz, Beginning 1839 varas west from the northeast corner of said Langford survey; thence west 800 varas to John Loring corner; thence south 2850 varas; thence east 800 varas; thence north 2850 varas, to the place of beginning, which deed was recorded in Cooke County, Texas, immediately thereafter.

3rd.   The defendant Kate Rall is a daughter of said Wm. Crenshaw, now deceased, and she claims the land in controversy, as well as the entire east half of the E. Langford survey, as one of his heirs—it having been conveyed to her by the other heirs of said Crenshaw as her part of her father's estate.

4th.   The distance called for east and west by the field notes of the Langford survey is 5178 varas, but the actual width of said survey east and west is 4832 varas, giving each half 2416 varas.

5th.   Levi Stump, George Meade, Thad Harris and ——— Sowder, who were originally defendants in this suit, are in possession of a strip of land 400 varas wide off of the west side of the east half of said Langford survey, claiming the same through conveyances from the owners of the west or Loring half of said Langford survey, and have had possession of the same long enough to acquire title thereto by limitation.

6th. About the year 1872, one Joe Hopson, a surveyor, at the instance of said Wm. Crenshaw undertook to run the division line between the east and west halves of the said Langford survey, and, by mistake, he ran the line 400 varas east of the center of said survey. Said Wm. Crenshaw was present when this line was run and so was John Loring, Jr. (a son of the John Loring, to whom the land was patented), said John Loring, Sr., being then dead. The plaintiff Donaldson was not present when said line was run, knew nothing about it, was represented by no one, and it does not appear that he ever knew of, recognized or claimed this as the dividing line until since the institution of this suit. Said Stump, Meade, Harrison and Sowder, when they came to enclose their land enclosed up to the line run by Hopson.

7th. I find that the 400 varas strip of land claimed by Stump, Meade, Harrison and Sowder, is included within the calls of the deed from Wm. Crenshaw to plaintiff, but plaintiff has lost the same by his own laches, and having done so, I conclude as a matter of law that in as much as he was in no manner bound by the mistaken line run by Hopson, and having by his own neglect lost that part of his land, that he is only entitled to recover a strip 404 varas wide east of and adjoining said strip of 400 varas.

8th. I find that the defendants Rall and wife have had possession of the land which plaintiff here recovers of them for more than one year prior to the institution of this suit, but I fail to find that they are possessors in good faith.

*Opinion.*—The foregoing findings of fact are sustained by the evidence and adopted by this court.

The conclusion that appellees were not bound, as between them and appellant, by the division line agreed upon by Wm. Crenshaw and John Loring, Jr., is correct. Before making said agreement Crenshaw had conveyed to appellant the land sued for; and its location must be determined by the facts and conditions then existing, and could not be shifted by either appellant or appellees by an agreement not mutually binding upon each.

The court properly refused to allow appellees compensation for their improvements. The deed from Crenshaw to appellant being on record, they were not possessors in good faith.

We overrule all assignments of error and affirm the judgment.

*Affirmed.*

Application for writ of error dismissed.