### Frank Bean v. E. D. Whitney.

Decided January 19, 1901.

**Limitation of Five Years—Description in Deed—Conflicting Boundaries.**

Where the field notes of a deed, though calling for the line of the original survey of which it purports to convey a fractional part, gives such further description, by established and marked corners, as to the location of such line as affords reasonable notice to the true owner of a strip of land adversely occupied under the deed—and being in fact part of the next adjoining survey—that such line is claimed to be at a different place from that claimed by the owner of such adjoining survey, the deed will suffice to support the five-year statute of limitations.

Appeal from Comanche. Tried below before G. H. McMillan, Esq., Special Judge.

*J. P. Graham,* for appellant.

*Goodson & Boynton,* for appellee.

STEPHENS, Associate Justice.—The judgment appealed from established the western boundary of the James Hamilton survey No. 92 to be 38 varas east of where appellant claimed it, and 38 varas east of where the calls for distance in the field notes of that survey placed it,—appellee, who was the owner of the E. D. Whitney, a junior survey calling for the Hamilton, recovering the strip of land in dispute from appellant.

The only question to be determined on this appeal is whether or not the court erred in holding the deed from Burks and wife to appellant, made and recorded September 15, 1893, to be insufficient as a basis for the defense of five-years limitation, the deed describing the land conveyed by it as follows: "A parcel of land situated in Comanche County, Texas, patented to James Hamilton October 30, 1845, patent No. 296, Vol. 1, Abst. No. 459, survey No. 92, and being one hundred and six and two-thirds acres out of the West side of said survey No. 92: Beginning 2375 varas North 71 West from the N. E. corner of said survey No. 92, a rock in ground from which a P. O. marked X S 21½ E. 8 1-5 vrs. Sp. O. E. N. 53 1-5 E. 2 9-10 vrs.; thence N. 71 W. 475 vrs. to a rock in ground for N. W. corner said survey No. 92 for N. W. corner this tract a sp. oak mkd 'X' brs. S. 74½ E. 25 4-5 vrs.; thence S. 19 W. 1267 8-10 vrs. to a rock in ground for S. W. corner said survey No. 92 for S. W. corner of this tract a mesquite X N. 61½ E. 92 4-5

vrs.; thence S. 71 E. 475 vrs. to a rock in ground for S. E. corner this tract, from which a double mesquite mkd. X bros. N. 33½ W. 26½ vrs.; thence N. 19 E. 1267 8-10 vrs. to the beginning."

Just before this deed was made the county surveyor ran out and marked on the ground the boundaries as described in the deed, and himself wrote the deed, copying the field notes thus made in it. In accordance with the boundaries so established, which placed the western boundary of the Hamilton survey 38 varas west of where it was established by the judgment, appellant took possession of and fenced the land, holding adverse possession and paying all taxes thereon, as testified by him (without objection) for the full period of five years before the institution of this suit.

Counsel for appellee endeavor to sustain the action of the court with the proposition that: "As appellant claimed under a deed from B. M. Burks which described his land as being a part of and out of the James Hamilton survey No. 92, and the jury having found the disputed strip to be a part of the E. D. Whitney survey, and not a part of said Hamilton survey, the five years statute would have no application, as appellant would not have been in possession of the same under any deed describing the land, because his deed described the land that he claimed as out of the Hamilton and not out of the Whitney survey."

In this we would have no trouble in agreeing with counsel for appellee if the deed in question had contained no other description of the western boundary of the Hamilton survey than such as was found in the field notes of that survey, there being ample authority for so holding. Day v. Needham, 2 Texas Civ. App., 680; McDonald v. Hamblin, 78 Texas, 628; Udell v. Peak, 70 Texas, 549; McCurdy v. Lockard, and McCurdy v. Bullock, 2 Texas Civ. App., 220, 223. But inasmuch as the deed to appellant, by calling for a well-defined boundary marked on the ground different from that described in the Hamilton patent, except as to the calls for distance, clearly placed the western boundary of the Hamilton survey beyond its true location according to the original field notes, we think the case at bar is distinguishable from those above cited, and that the case of Jones v. Andrews, 62 Texas, 667, is authority for holding that the court was in error in treating the deed in question as being incompetent to support the defense of five years limitation. In that case one of the defendants, Burleson, interposed the statute of five years limitations as a defense to the action of the plaintiffs, who sought to recover the Hunt survey, and a charge was held to be erroneous which instructed the jury to disregard that defense because the deeds under which Burleson undertook to prescribe called for and recognized the lines of the Hunt survey. In the course of the opinion this language was used, which seems to be pertinent here: "Burleson's claim under a call for the Hunt survey does not imply the recognition of any line which may be claimed for it by those who own it, but rather it is but the recognition of its existence according to the lines of his own title calling for it, and consistent with his claim as to where that boundary

line is with reference to the land possessed by him under his title." So, appellant's claim under calls for the western boundary of the Hamilton survey did not imply the recognition of any line which may be claimed for it by those adversely interested, but rather it is but the recognition of its existence according to the marked lines of his own deed calling for it, and consistent with his claim as to where that boundary line is with reference to the land possessed by him under his deed.

But whether the case of Jones v. Andrews is in all respects analogous to the case at bar or not, we are still of opinion that the decision in that case recognizes a sound principle, which is: If the field notes of a deed, though calling for the line of another survey, give such further description as to its location on the ground as affords reasonable notice to the true owner of the land adversely occupied that such line is claimed to be at a different place from that claimed by him, the description is sufficient as a basis for the defense of five years limitation. The field notes of the deed in question, unaided by extrinsic facts, clearly embraced the land adversely occupied by appellant, and the appellee was required to take notice of that fact.

Whether or not the taxes were assessed and collected in such manner as to meet the requirements of the five years statute is a question not presented by this record, but the very nature of the case suggests it, and in view of another trial we call attention to the case of Dutton v. Thompson, 85 Texas, 115.

For the error indicated the judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*