### J. B. HILL ET AL. v. G. W. HARRIS ET AL.

Decided June 14, 1901.

**1.—Deed—Description—Limitation.**

The description of land in a deed is sufficient for the conveyance to support the plea of limitations where the land is described as "1000 acres of land off of the lower part of the league of land originally granted to D. H. and situated in H. County, Texas; said tract of 1000 acres fronting on the river and running back to the western boundary of the league for quantity" where the southern and western boundaries of the league are straight lines, and the southwest corner a right angle, and the river forms the eastern boundary, since a surveyor could from this description locate the northern boundary of the 1000-acre tract by running a line from the river west to the west line of the league at a point far enough up on the river and west line to leave the quantity of acres called for south of the line so run.

**2.—Limitations—Possession Under Recorded Instrument—Lease.**

One can not claim by limitation under an instrument executed by himself; and where defendant held part of a tract of land under a deed duly recorded, he could not extend his holding to the balance of the tract never in his actual possession by executing a lease of the whole tract to his tenant.

**3.—Same—Possession Not Constructively Extended—Two Deeds.**

Where a party had adverse possession of part of a league of land under a deed thereof until title was acquired by limitation, and he afterwards took a deed to another part of the league, but did not take actual possession of such other part, the possession of the first tract was not to be extended by construction so as to include the tract described in the second deed.

Error from Harris. Tried below before Hon. W. H. Wilson.

*Watkins & Jones* and *J. R. Burnett,* for plaintiffs in error.

*D. F. Rowe,* for defendant in error John Kennedy.

*E. P. Hamblen,* for defendant in error D. E. Kennedy.

*O. T. Holt* and *L. B. Moody,* for defendants in error Foley.

GILL, ASSOCIATE JUSTICE.—This suit was brought by plaintiffs in error, James B. Hill, John B. Hill, W. B. Hill, Mrs. Annie Boxley, and C. N. Hill, against W. L. Foley, John K. Foley, Rosa L. Foley, Blanch Foley, Dan E. Kennedy, John Kennedy, G. W. Harris, Walter F. Harris, W. Howard, C. F. Seeley, W. E. Moran, and P. S. Humble. The purpose of the suit was to recover the David Harris league of land in Harris County, Texas, and the form of the action was trespass to try title.

Defendants John and Dan E. Kennedy answered by general demurrer, general denial, and plea of not guilty. John Kennedy then disclaimed as to all the land in suit except 1617 acres specifically described in his answer, to which he asserted record title and title by the statutes of limitation of three, five and ten years, and prayed by way of cross-bill for judgment for the land. Dan E. Kennedy disclaimed as to all the land in suit except 1671 acres specifically described in his answer, to which he asserted record title and title by virtue of the statutes of limitation of three, five, and ten years, and in like manner prayed for affirmative relief. The tracts claimed by the Kennedys comprise the 3234-acre tract hereinafter mentioned.

The defendants Foley filed a like answer as to the 1000 acres hereinafter mentioned, and prayed to be adjudged the owners thereof.

Defendant P. S. Humble answered by general denial and plea of not guilty, and set up a specific claim to 210 acres of the league by limitation of three, five, and ten years. He also pleaded outstanding title as to the land he claimed and prayed judgment therefor.

Defendants G. W. and W. F. Harris disclaimed, and were dismissed on their disclaimer. The suit was dismissed as to defendants Howard, Seely, and Moran, who were not served with citation. The other defendants did not answer.

Plaintiffs, replying to the cross-bills of the various defendants, filed a supplemental petition containing general and special denials and pleas of coverture and disability.

The trial was had before the court without a jury. During the trial certain title deeds offered in evidence by plaintiffs were excluded on objection, whereupon plaintiffs took a nonsuit, and the trial proceeded on the cross-bills of the defendants who had filed such pleadings. The trial court found that John and D. E. Kennedy had title by limitation to the tracts respectively claimed by them, and rendered judgment in

their favor therefor against all the adversely interested parties in the
suit. The trial court also found that the defendants Foley had title to
the 1000 acres by limitation as against all the adversely interested par-
ties to the suit except the plaintiffs Annie E. Boxley and W. B. Hill, and
as to them the last named defendants had dismissed their cross-bill.

None of the other defendants offered any proof. The facts are as
follows:

On February 21, 1859, one Huffman purchased from Baker and Lub-
bock the 3234 acres of the Harris league now claimed by defendants
John and D. E. Kennedy. The deed from his vendors described the
land conveyed by metes and bounds, and was placed of record on the
30th day of April, 1859, and he immediately went into possession,.
claiming to the boundaries indicated by the deed. In January, 1874,.
John Kennedy, Sr., purchased the 3234 acres, and the proof connected
him by mesne conveyances with such title and possession as Huffman had.
Continuous adverse possession was shown on the part of those under
whom Kennedy, Sr., claimed from the date of the record of the deed to
Huffman until Kennedy, Sr., went into possession under his own pur-
chase, and payment of taxes was also shown from the date of the deed
to Huffman to the date of the trial.

The Kennedy title was not connected with the sovereignty of the soil,
hence defendants could prescribe only under the five or ten years statute.
Adverse possession under a duly recorded deed and payment of taxes
having been shown, it is clear that the adverse possession of Huffman
and his vendees had ripened into title at the date of the sale of the 3234
acres to Kennedy, Sr.

In August, 1874, Kennedy, Sr., purchased from A. R. Masterson the
1000 acres now claimed by defendants Foley, and the deed was duly
placed of record in the same month. By this purchase Kennedy, Sr.,
connected himself by mesne conveyances with the purchaser from one
Mosely Baker, the conveyance from the party last named being dated
April 26, 1844. The intervening transfers from Mosely Baker down to
Kennedy, Sr., were duly placed of record.

There was never any actual possession of the 1000 acres shown, either
prior or subsequent to the purchase by Kennedy, Sr., but payment of
taxes was shown from the date of the Kennedy purchase to the date of
the trial. The 3234-acre tract extended from the San Jacinto River,
the eastern boundary of the league, across to the western boundary
thereof, the 1000-acre tract being the residue of the league lying south
of the south boundary line of the 3234-acre tract. The south boundary
line last named is an old and well established line, which Kennedy's pre-
decessors in claim had recognized and respected. As to the 1000-acre
tract, those claiming under Kennedy, Sr., failed also to connect their
title with the sovereignty of the soil.

John Kennedy, Sr., by himself or through tenants, continued in the
actual possession of the 3234-acre tract up to the date of his death in
1878, but never took actual possession of any part of the 1000 acres,

although he claimed it and paid taxes on it. He died intestate, leaving surviving him his wife, M. C. Kennedy, his sons, John and D. E. Kennedy, and his daughter, Mary F. Kennedy, who afterwards married W. L. Foley and became the mother of the Foleys, defendants in this cause.

M. C. Kennedy and Mary F. Foley are dead, and defendants, the Kennedys and Foleys, have shown themselves entitled to such interests in the lands as their ancestors had, in the proportions claimed in their respective pleadings. After the death of Kennedy, Sr., the lands were partitioned between his wife and children, the 1000-acre tract falling to the lot of the wife. She died intestate prior to March, 1885, and on partition of her estate the 1000-acre tract was allotted to Mrs. Foley, from whom defendants Foley inherited.

Counsel for plaintiffs in error, in oral argument before this court, conceded that the defendants John and D. E. Kennedy have title by limitation to the 3234 acres adjudged to them by the trial court, and abandoned the assignments of error assailing the action of the trial court with respect thereto. It is contended, however, that the trial court erred in awarding the 1000-acre tract to the defendants Foley.

The first objection urged is that the description contained in the deed by which the 1000-acre tract was sought to be conveyed to Kennedy, Sr., was insufficient to support the plea of limitation. (2) Because no actual possession of any part of the 1000-acre tract was shown, and the possession of the part of the league included in the 3234-acre tract could not be extended by construction so as to include the 1000 acres.

The first objection is without merit. The description complained of is as follows: "1000 acres of land off of the lower part of the league of land originally granted to David Harris, and situated in Harris County, Texas. Said tract of 1000 acres fronting on the river and running back to the western boundary of the league for quantity." The southern and western boundaries of the league are straight lines and the southwest corner is a right angle. The San Jacinto river forms the eastern boundary. Any competent surveyor could from this description locate the northern boundary of the 1000-acre tract by running a line from the river west to the west line of the league at a point far enough up on the river and west line of the league to leave the quantity of acres called for south of the line so run. This seems to have been in fact done.

The second objection presents a question of greater difficulty. It will be borne in mind that the title by limitation as to the 3234-acre tract had become perfect in the senior Kennedy's predecessors in possession prior to the purchase of that tract by him. It will also be remembered that none of the claimants ever at any time had any actual possession of the 1000-acre tract or any part thereof. It is true it was shown that a tenant of Kennedy occupied the improvements on the larger tract under a lease from Kennedy of the entire league, but it has been held that one can not claim by limitation under an instrument executed by himself. White v. Rosser, 27 S. W. Rep., 1062. The opinion in the case cited seems to us to be based upon sound reason. The statute requires the holding

under the five years statute to be under a deed or deeds duly registered. The tenant holds for his landlord and not for himself, and it follows inevitably that one claiming a part of a tract under a deed duly registered can not extend his claim by executing a lease to a tenant by which a greater amount of the tract is included. This would not be a holding under the deed as to the lands not included in the description, nor would the constructive possession be extended by the description in the lease.

The question then is reduced to the inquiry, whether by taking the deed to the 1000 acres, the possession of the larger tract was extended by construction so as to include the tract described in the second deed. The question would be devoid of difficulty but for the fact that both tracts are upon the same league, and the entire league is now claimed by the plaintiffs. Had it been subdivided and sold to and was now claimed by different parties plaintiff in distinct and separate tracts, as against defendants' pleas of limitation the principle announced in Turner v. Moore, 81 Texas, 206, would control.

In the case cited it is held that where a tract of land has been subdivided and sold to different parties, a subsequent purchaser of the whole league entering under such deed can not claim by limitation those subdivisions upon which he has never entered. His adverse possession of other subdivisions will not extend to such as have not been invaded by his actual possession. In the case at bar it is apparent that the facts invoke a different principle.

The plaintiffs below took a nonsuit, and while it does not appear by whom the league was subdivided into the 210-acre tract on the north, the 3234-acre tract in the center and the 1000-acre tract on the south, it does appear that these subdivisions were in fact made, and were recognized and respected by Kennedy, Sr., and his predecessors in possession. But it appears also that plaintiffs below lay claim to the entire league without respect to these subdivisions. The deed constituting the first link in the chain of title to the larger tract was made to Huffman in 1859. The entry was begun and continued under a claim of right to only that part of the league included in the 3234-acre tract as described by metes and bounds in the deed purporting to convey it. The deed from Mosely Baker to Abner Jackson purporting to convey the 1000 acres was made in 1844. Had Jackson entered under that deed, the extent of his claim would have been limited by the recitals in that deed, and would have operated as a disseizin of the true owner only to that extent. That deed also operated, in so far as those claiming thereunder are concerned, as a segregation of that from the remainder of the league.

It seems to us, therefore, that it is not so much a question of extent of claim on the part of those asserting limitation as it is a question of the sufficiency of the possession to send the true owner to the record to ascertain the extent of the claim. The taking and recording of a deed to land will not of itself put the statute in motion in favor of the claimant thereunder. Neither will adverse possession put the five years statute in motion in the absence of a duly recorded deed and the payment of

taxes. The true owner may ignore such a deed until his domain is actually invaded. The record of it is not notice of the adverse claim as to the true owner until some act is done upon the ground amounting to adverse possession. When this occurs, the owner must take notice of it, and the record of the deed immediately becomes constructive notice of the extent of the adverse holder's claim.

That the record of a junior deed is not constructive notice to prior purchasers is now well settled. White v. McGregor, 92 Texas, 566. We mention this only to emphasize the fact that the record of the deeds under which defendants claim the 1000 acres was utterly without significance as to plaintiffs, if unaccompanied by adverse possession. It has been shown that the adverse possession of the 3234-acre tract had ripened into perfect title in those holding it prior to the purchase by the senior Kennedy, so that, conceding that the legal title to the entire league had been in the plaintiffs, the senior Kennedy, by his purchase of the last named tract, acquired a title thereto as perfect and unassailable as if plaintiffs themselves had conveyed it. It was thereby as effectually segregated from the remainder of the league as if it had been conveyed to him by the true owner. At the time of Kennedy's purchase of the 1000-acre tract, his possession of the larger tract had served its purpose and had ceased to be unlawful. The time had passed within which the original owner could successfully complain of it. The title of plaintiffs, if any they had, had been completely divested by the bar of limitation. If, prior to the purchase of the 1000 acres, plaintiffs had discovered the fact that Kennedy and his predecessors in possession had invaded the league, an inspection of the record would have disclosed the fact that his claim was affirmatively limited to the land contained within the larger tract. An investigation of the facts just prior to the Kennedy purchase would have led to the knowledge that plaintiffs had lost their right to the larger tract, but would also have shown that their title to the 1000 acres was not threatened.

Recurring now to the fact that the record of the deed to the 1000 acres was of itself without significance as to them, plaintiffs could have gone their way in peace, undisturbed by any apprehension as to the 1000 acres. Bearing in mind also that nothing short of some act of adverse possession apparent upon the ground would render the record of such a deed constructive notice of its contents as to the true owner, the plaintiffs might have inspected the 1000 acres at any time up to the time of the trial and would have found their domain uninvaded. They would have found that the possession by reason of which they had lost their right to the larger tract was absolutely unchanged. They would have found nothing in the situaton to induce them to believe that the extent of the claim had been extended, unless they had inquired of the then owner of the larger tract, and this duty the law did not impose.

We are of opinion that because no possession was shown as to the 1000-acre tract, the trial court erred in awarding it to the defendants Foley on their plea of limitation, and as title in them was not otherwise shown,

the judgment of the trial court is to that extent reversed, and judgment is here rendered that the defendants Foley take nothing by their cross-bill.

The judgment is in all other respects affirmed.

*Affirmed in part.*
*Reversed and rendered in part.*

Writ of error refused.