### W. T. CARTER & BRO. et al. v. RICHARD-SON. (No. 614.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 3, 1920. Rehearing Denied Dec. 15, 1920.)

**1. Adverse possession ⬡28—Must be open, visible, and notorious.**

Possession, to be adverse in contemplation of the statutes, must be open, visible, and notorious, for the full period required.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Adverse Possession.]

**2. Adverse possession ⬡31—Test whether acts of possessor would reasonably notify owner.**

The real test of adverse possession is whether the acts done by the possessor on the land and the use made thereof were of such nature and character as reasonably to notify the true owner that a hostile claim was being asserted.

**3. Adverse possession ⬡31—Acts reasonably sufficient to notify owner of other's possession puts statute in operation.**

An owner of land is bound to take notice of the actual possession of another, and is charged with knowledge of his boundaries, and whatever is reasonably sufficient to notify the owner that another has set up a claim to his land hostile to and inconsistent with the true ownership puts in operation the statute of limitations.

**4. Adverse possession ⬡115(3)—Question of notoriety of defendant's possession for jury.**

In suit to recover title and possession of certain land, wherein a defendant claimed title to an undivided 80 acres in the 160-acre tract under the 5 and 10 years' statute of limitations, the question whether defendant's possession through a tenant was sufficient to put the true owner on inquiry *held* for the jury.

Appeal from District Court, Polk County; J. L. Manry, Judge.

Suit by W. T. Carter & Bro. and another against O. P. Richardson. From judgment for defendant, plaintiffs appeal. Affirmed.

Feagin, German & Feagin, of Livingston, for appellants.

Collins & Morris, of Beaumont, for appellee.

HIGHTOWER, C. J. W. T. Carter & Bro., a firm, and West Lumber Company, a private corporation, filed this suit in the district court of Polk county, against O. P. Richardson, W. Bruce Hendricks, and his wife, Pearl Hendricks, and Tom B. Stutts and his wife, Alma Stutts, seeking to recover title and possession of the John D. Nash survey of land. The form of the action was that of trespass to try title. Afterwards, the Sabine Hardwood Company intervened in the case as a party plaintiff, asserting a joint ownership with the other plaintiffs in the land. All defendants answered, and the case proceeded to trial with a jury, and there was an instructed verdict as to Hendricks and wife and Stutts and wife, and the jury also returned its verdict in favor of the defendant Richardson. Richardson claimed title to an undivided 80 acres in a certain 160-acre tract of the survey, which was described in his answer; his claim of title being under the 5 and 10 years' statutes of limitation.

It was admitted upon the trial that the plaintiffs, who are the appellants here, were the owners of the record title to the John D. Nash survey of land, and that they were entitled to recover against appellee, Richardson, the whole survey, unless defeated by his pleas of limitation. The trial court submitted, for the consideration of the jury, the pleas of both 5 and 10 years' limitation, as interposed by Richardson, and instructed the jury that in the event they should find in favor of defendant Richardson, then to state upon which plea of limitation, if only one, they found in his favor, and the jury stated expressly that they found in Richardson's favor upon his plea of 5-year limitation. The trial court entered judgment in favor of Richardson for an undivided 80 acres of land in the 160-acre tract described in his answer, and after appellants' motion for new trial had been overruled, due appeal was taken to this court by them.

There are but two assignments of error found in appellants' brief. Under the first assignment, it is contended that the uncontradicted evidence adduced upon the trial showed that appellee, Richardson, was never, in fact, in actual possession, either by himself or through tenant, of any part of the land described in his answer, and awarded to him by the judgment; and under the second assignment it is contended that if Richardson was ever in actual possession of any portion of such land, such possession was so insignificant, and the quantity of land possessed so small, that as a matter of law the same was not adverse and peaceable possession which would give him title by limitation under the 5-year statute.

As to the first assignment, we have concluded that we cannot sustain appellants' contention that the uncontradicted evidence showed that Richardson was never in possession, either by himself or through tenant, of any portion of the land described in his answer and awarded to him, but, on the contrary, we conclude on that point, without discussing the evidence, that it was a question of fact whether the possession relied upon by Richardson was within the 160-acre tract described in his answer, and in which he claimed the undivided 80 acres. True, if appellants' witness Goolsbee, a practical sur-

veyor, had been the only witness on this point, it might be said, as contended by appellant, that Richardson was never in actual possession of any portion of the land claimed by him, but as we understand the testimony of Richardson himself, as well as that of several of his witnesses, it was clearly made an issue of fact as to whether the possession relied upon by Richardson, through his tenant, Kirwin, was on a portion of the land described in his answer, and in the deed under which he claimed title under the 5-year statute. It would serve no useful purpose to go into the details of this testimony.

On June 3, 1907, C. Bailey and wife executed a deed to appellee, Richardson, for an undivided 80 acres in a certain 160-acre tract of the J. D. Nash survey. On the same day Richardson filed this deed for record, and on the following day the same was duly recorded in the deed records of Polk county, and it is not disputed that Richardson paid the taxes on the 80 acres under this recorded deed every year as they accrued from the time he purchased. Now, the actual possession that Richardson had of the land in controversy was through his tenants, the Kirwins. The undisputed testimony with reference to the character of the possession was, substantially, as follows:

It was shown that there was an old house place on the 160 acres of land described in the C. Bailey deed to Richardson, known as the old "Charlie Bailey Place," and that Bill Kirwin first took possession for Richardson and acknowledged tenancy to him in 1911, and the character, use, and extent of such possession by Kirwin was a garden, consisting of between one-half and three-quarters of an acre of land, fenced by a substantial picket fence, which garden was cultivated, used, and enjoyed by Kirwin for the years 1911 and 1912. After that the garden patch was no longer cultivated or used by Kirwin, or any one else so far as the record shows, but for the years 1913, 1914, 1915, and 1916 Kirwin cleared, fenced, and cultivated between 3½ and 4 acres of land a short distance east of this garden place, holding the same during all the time as Richardson's tenant, during all of which time the deed from C. Bailey and wife to Richardson was of record, and taxes being regularly paid by Richardson.

[1-3] There is no contention by appellants that any suit was ever brought to oust Richardson or his tenant, Kirwin, and such possession as he had was, unquestionably, peaceable, and, so far as this record discloses, continuous and unbroken, for the years stated. Now able counsel for appellants earnestly contend that the character of possession, as we have stated it, had by Richardson was, as a matter of law, insufficient as a basis for title under the 5-year statute. We have given the matter careful consideration, and have

225 S.W.—52

reached the conclusion that we cannot say, as a matter of law, that the possession, use, and enjoyment of the land in controversy had by Richardson, through his tenant, Kirwin, as above stated, was insufficient to confer title under the 5-year statute. We understand, of course, that possession, in order to be adverse, in contemplation of our statutes, must be open, visible, and notorious, but the Legislature of this state has never, by statute, prescribed any particular quantity of land that must be possessed or the particular use or enjoyment that must be made or had thereof in order to make the possession adverse, and we do not understand that the Supreme Court of this state has ever undertaken to define "adverse possession," other than to say that the possession must be open, visible, and notorious for the full period required by the statute. If we were to hold in this case, upon the facts as we have stated them, that the possession of Richardson, through his tenant, Kirwin, was insufficient, as a matter of law, to give him title by limitation, we feel that we would be without support in any authority cited by appellants, and we ourselves have been able to find none which would warrant such a holding at our hands. It is true that the real test, at least, on this point is whether the acts done by Richardson upon the land and the use made thereof, etc., were of such nature and character as to reasonably notify the true owner of the land that a hostile claim was being asserted to the land. If they were, then the possession of Richardson, through his tenant, was adverse, in contemplation of the statute of this state. If they were not, then such possession was not adverse, in contemplation of the statute. It has been frequently said, substantially, by the appellate courts of this state, that an owner of land is bound to take notice of an actual possession taken thereof by another; that such owner is charged by law with the knowledge of his boundaries, and that whatever is reasonably sufficient to notify such owner that another is setting up claim to his land, which is hostile to and inconsistent with the true ownership, then the statute of limitation is put in operation from that moment. Appellants' counsel say that the small quantity of land taken possession of in this case, and especially that which was inclosed as a garden, was so insignificant that the law would not regard it as being adverse to the true owner under any circumstances, and therefore the true owner was not, as a matter of law, required to take notice of any such insignificant possession as showing any serious claim by the possessor to the land.

In the case of Hill v. Harris, 26 Tex. Civ. App. 408, 64 S. W. 820, the Galveston Court of Civil Appeals, speaking through Justice Gill, used this language:

"It seems to us, therefore, that it is not so much a question of extent of claim on the part

of those asserting limitation as it is a question of the sufficiency of the possession to send the true owner to the record to ascertain the extent of the claim. The taking and recording of a deed to land will not of itself put the statute in motion in favor of a claimant thereunder. Neither will adverse possession put the 5-years statute in motion, in the absence of a duly recorded deed and the payment of taxes. The true owner may ignore such a deed until his domain is actually invaded. The record of it is not notice of the adverse claim as to the true owner until some act is done upon the ground amounting to adverse possession. When this occurs the owner must take notice of it, and the record of the deed immediately becomes constructive notice of the extent of the adverse holder's claim."

[4] We have already shown above that the deed under which Richardson's claim of 5-year limitation was asserted was duly of record, describing and defining the extent of Richardson's claim to the land in controversy, and the only question is whether the acts done upon the land were reasonably sufficient to require the true owner to take notice that a hostile claim was being asserted by Richardson, and therefore sufficient to send the true owner to the record, where the full extent of the claim asserted by Richardson was made known to him. This question, we have concluded, was one of fact for the jury, and we would not be warranted in holding as a matter of law to the contrary.

This disposes of the case, and it follows that the judgment should be affirmed; and it will be so ordered.