W. T. CARTER & BROS. et al. v. RICHARDSON. (No. 295–3563.) *

(Commission of Appeals of Texas, Section A. Feb. 1, 1922.)

1. Adverse possession ⟠114(2) — Evidence held to warrant finding that field of between 3 and 4 acres was cultivated for 5 consecutive years.

In action involving ownership of 160-acre tract of land in which defendant claimed to have acquired title by adverse possession after taking possession under recorded warranty deed, evidence *held* to warrant finding that defendant's tenant, who lived upon adjoining tract, cultivated a part of the tract in dispute, consisting of a field of between 3 and 4 acres, for 5 consecutive years, as against contention that the tenant merely cultivated a garden inclosed by a picket fence of not to exceed three-fourths of an acre.

2. Adverse possession ⟠115(3) — Whether cultivation of 3 to 4 acres apprised owner of adverse claim to 160-acre tract held for jury.

The inclosure of between 3 and 4 acres of land upon a 160-acre tract and the continuous cultivation of such inclosure for a period of 5 years is not, as a matter of law, an insufficient appropriation of the land to apprise owner of adverse claim; the question being for the jury.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by W. T. Carter & Bros. and another against O. P. Richardson. Judgment for defendant affirmed by Court of Civil Appeals (225 S. W. 816), and plaintiffs bring error. Judgments of Court of Civil Appeals and of district court affirmed.

Feagin, German & Feagin, of Livingston, for plaintiffs in error.

Collins, Morris & Barnes, of Beaumont, for defendant in error.

SPENCER, P. J. This appeal involves the title to an undivided interest of 80 acres of land in a 160-acre tract situated in Polk county, Tex., which is a part of the John D. Nash league. It was agreed upon the trial of the cause that plaintiffs in error are the owners of the record title to the land, and entitled to recover, unless defeated by the claim of defendant in error, under the statutes of limitation. The jury returned a verdict in favor of defendant in error under the plea of 5 years' limitation, and judgment was rendered to conform to this verdict. Upon appeal the judgment was affirmed. 225 S. W. 816.

The evidence briefly is: Defendant in error went into possession under a general warranty deed, describing the lands by metes and bounds, which was duly recorded in the deed records of Polk county, Tex., on June 4, 1907. He paid all taxes thereon for the years 1907 to 1918, inclusive. Defendant in error did not live upon the land nor personally cultivate it, but one Bill Kervin, as tenant, cultivated it for him. Under the agreement had with Kervin, Kervin was to clear, fence, and cultivate portions of the land. Morris Kervin, a son of Bill Kervin, testified:

"I had something to do with putting in cultivation that little field on the Richardson tract. I cleared it up and fenced it and worked it two years. It is my recollection that I cleared up that little field in 1911, and there is somewheres about 3 or 4 acres of land in the field. I put up a wire fence around it, and it was a good substantial fence. I continued to cultivate that field 2 years, and it was cultivated after that time. My brother Johnny cultivated it. My father helped cultivate it. The field was cultivated up to the time of my father's death and afterwards then. The last time we cultivated it was in 1916, the year after my father died; then I let it go down."

Morris Kervin also testified that he cultivated the field at his father's behest.

John Kervin testified:

"Morris Kervin, my brother, cleared and fenced that field. I disremember exactly what years we cultivated that field, but I believe it was 1913, 1914, 1915, and 1916. I cultivated it 1 year after papa died."

In addition to the cultivation of the field, in 1911 and 1912 Kervin cultivated a garden of not to exceed three-fourths of an acre,

---

⟠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied March 1, 1922.

which was inclosed by a picket fence. Kervin did not live on the tract of land in controversy, but lived upon an adjoining tract; his residence being about one-fourth of a mile from the garden.

The assignments in the application for writ of error complain of the verdict and judgment upon the ground that peaceable and adverse possession, continued and unbroken, cannot be sustained by evidence of the cultivation of an ordinary garden, such as described as being upon the land.

[1] It is unnecessary in view of the other evidence to rest a decision upon that character of proof alone, or even to decide that question. The jury were warranted in finding from the testimony of Morris Kervin that his father, as tenant of defendant in error, cultivated the field of between 3 and 4 acres for 5 consecutive years. It is true that defendant in error testified that the field was inclosed in 1909, and he thought, abandoned in 1913, but the jury was warranted in accepting the positive testimony of Morris Kervin in preference to this uncertain testimony. The jury may have concluded that, as the Kervins had cultivated the land and received the crops therefrom, they were in a better position to know the exact years of cultivation than was defendant in error, who was interested only in having the place improved.

It is for the jury to decide whether the party claiming adversely has had such open, visible, and notorious possession as will charge the owner with notice of such adverse claim; provided there is evidence which warrants the submission of the question to them. In arriving at a decision upon this issue, the jury may consider the nature of the claim, the use or uses to which the property or some portion thereof has been put.

[2] It cannot, therefore, be said as a matter of law that the inclosure of between 3 and 4 acres of land upon a tract of 160, and a continuous cultivation of it for a period of 5 years, is not a sufficient appropriation of the land to apprise the owner that the land is in the possession and enjoyment of the person claiming it. As was said by Mr. Chief Justice Willie in Brownson v. Scanlan, 59 Tex. 222:

"He [the owner] is not in the condition of an ordinary and casual observer, but must diligently look to his own interests, know the boundaries of his own land, and ascertain the extent, meaning and locality of any settlement made within them without his authority."

The question of whether the inclosure and cultivation of 1 acre of land upon a 160-acre tract was sufficient possession to put the owner on notice of the adverse claim was before the Galveston Court of Civil Appeals in Houston Oil Co. of Texas v. Griffin, 166 S. W. 902. Mr. Chief Justice Pleasants said:

"Appellant, under appropriate assignments of error, contends, as it did upon the former appeal, that the trial court should have instructed the jury to return a verdict in its favor on the ground that the evidence is insufficient to raise the issue of the adverse possession of appellee of the 160 acres of land claimed by him for 10 years prior to the institution of this suit. This contention is based upon the proposition that the cultivation and use by appellee of the small field of 1 acre on the land in controversy during his minority and while he was living with his father was not sufficient actual and visible appropriation of the land to put the owner upon notice of appellee's claim to said 160 acres. As said in our former opinion, it cannot be held as a matter of law that the inclosure and cultivation of a field of 1 acre on a large tract of land is not sufficient possession and use to put the owner of the land upon notice that the person so using and occupying his land is claiming some right or title thereto."

A writ of error was denied in that case, but an examination of the application reveals that the question we are now considering was not presented by it; nevertheless we think the decision to the question in issue is correct.

In view of our conclusions we recommend that the judgment of the Court of Civil Appeals and of the district court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes