Jimmy D. HARRIS, Appellant,

v.

Milton T. POTTS et al., Appellees.

No. 7727.

Court of Civil Appeals of Texas, Beaumont.

Sept. 25, 1975.

Rehearing Denied Oct. 16, 1975.

Pope & Waits, Houston, for appellant.

W. C. McClain, Conroe, for appellees.

DIES, Chief Justice.

Appellant, Jimmy D. Harris, sued Milton T. Potts, Armand C. Ellzey and Ruth Ellzey, appellees, to recover 22.2 percent interest in 33.75 acres of land in San Jacinto County. He contends that on or about May 13, 1962, appellees orally agreed to sell him the undivided interest. At the conclusions of plaintiff's (appellant's) evidence, the court granted appellees an instructed verdict, from which Harris perfects this appeal.

■ In reviewing an instructed verdict, we view all of the evidence in the light most favorable to appellant and give him the benefit of all legitimate inferences which are to be drawn therefrom in his favor. *Frazier v. Hanlon Gasoline Co.,* 29 S.W.2d 461 (Tex.Civ.App., Eastland 1930, writ ref'd).

■ Our Supreme Court in *Hooks v. Bridgewater,* 111 Tex. 122, 229 S.W. 1114 (1921), emphatically stated that for an oral contract to purchase realty to be enforceable three things must occur: (1) Payment of the consideration, (2) possession by the vendee, (3) the making by the vendee of valuable and permanent improvements upon the land.

■ While disputed, appellant's testimony was that he fully paid appellees for the interest. The land being near Lake Livingston, it was to be divided into some 250 lots. Appellant says he helped erect some street signs, replace survey markers and whitewashed a few trees. He also signed and helped repay a bank note which apparently financed bulldozing streets and installing culverts. If we consider these as sufficient acts on his part of "permanent improvements" we are nevertheless unable to find any evidence that he ever took "possession" of the land. He argues—and with some appeal—that he took as much "possession" as could be expected in a situation such as this. But the answer to this contention is quite explicit in *Hooks v. Bridgewater, supra* at 1117.

"For such contracts to be enforcible in this State, they must come fairly within the rule. If there has been no surrender of the possession of the land, the contract is not within the rule and is incapable of enforcement. It is no answer to say that the rule does not fit the circumstances of the particular contract. That is no reason for making another rule. The rules of law are not thus to be disregarded or evaded. The rule is necessarily a general one and intended for general application. If a particular case does not fall within it, the statute, itself, governs and condemns the contract on which the case rests."

The judgement of the trial court is affirmed.