J. D. ROOT et al., Appellants,

v.

John W. MECOM, Trustee, et
al., Appellees.

No. 7802.

Court of Civil Appeals of Texas,
Beaumont.

Aug. 19, 1976.

Rehearing Denied Sept. 16, 1976.

Price Daniel, Jr., Liberty, for appellants.

J. C. Zbranek, Liberty, Claude C. Roberts, Houston, for appellees.

DIES, Chief Justice.

We review a trespass to try title case of 1850 pages of Statement of Facts, and 671 pages of Transcript. However, the facts and the contentions of the parties are not as involved as the length of the record would indicate. Harvey and Louise Mecom (both now deceased) owned a 2700 acre tract of land in Liberty County, sometimes referred to as the "Hull Farm." Harvey Mecom is referred to almost completely in the record as "Big Harvey." His nephew, Harvey C. Mecom, or "Little Harvey", as he is referred to by the witnesses, came to live with "Big Harvey" and Louise at about age 6½ years, and was reared by them. "Big Harvey" and wife had one child, John W. Mecom.

On January 2, 1952, "Big Harvey" and wife, Louise, executed a Deed in Trust to their son, John W. Mecom, which included this 2700 acre tract. By the terms of the trust agreement, "Little Harvey" was to receive $300 a month for life, which was paid until his death, July 26, 1960.

On July 31, 1938, "Little Harvey" married; his wife is referred to as "Elmer." They had one child, Florence. On September 16, 1953, "Little Harvey" and Elmer contracted for the building of a home on the 2700 acre tract and moved into it some six weeks afterward. Elmer still lives in it. At the time this home was built, both "Big Harvey" and wife, Louise, were still alive.

On July 10, 1970, John W. Mecom, Trustee, as plaintiff below, filed this suit in trespass to try title against Elmer and Florence, and others, defendants below. Trial was to a jury, after which judgment was given plaintiff, John W. Mecom, and from which defendants below perfect this appeal.

It was defendants' contention that "Big Harvey" had made a parol gift of the land to "Little Harvey", after which he and wife, Elmer, made valuable improvements.

Defendants also urged they acquired title by adverse possession. Alternatively, defendants plead they had made improvements in good faith and asked recovery for the value of the improvements.

The jury findings were: (1) That in the year 1951, "Big Harvey" gave the land in question to "Little Harvey" and Elmer. (2) That, thereafter, "Little Harvey" and Elmer took possession of said land with "Big Harvey's" consent. (3) That the gift was in June 1951. (4) That "Little Harvey" and Elmer made permanent and valuable improvements on the land after the gift, with "Big Harvey's" knowledge and in reliance on the gift. (5) That Florence, "Little Harvey", and Elmer had peaceable and adverse possession of the land, using and cultivating the same for a period of ten consecutive years or more prior to July 10, 1970 (date of John Mecom's suit). (6) That the ten-year period began June 1951. (11) That prior to the time "Little Harvey" and Elmer constructed the permanent and valuable improvements, "Big Harvey" and wife, Louise, conveyed the land to John W. Mecom as Trustee. (12) That prior to the time "Little Harvey" executed the contract to build the home, he learned of the deed from "Big Harvey" and wife, Louise, to John W. Mecom, Trustee. (13) That during his lifetime "Little Harvey" accepted the benefits of the trust agreement dated January 2, 1952 ($300 per month previously noted herein).

The defendants contend these findings gave them title to the land.

 To establish a parol gift of this land from "Big Harvey" to "Little Harvey" the oft-cited case of Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114 (1921) requires three elements: (1) the gift, (2) possession under the gift by donee with the donor's consent, and (3) permanent and valuable improvements made on the property by the donor's knowledge and consent; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the donee. See also Clifton v. Ogle, 526 S.W.2d 596, 600 (Tex.Civ.App.—Fort

Worth 1975, writ ref'd n. r. e.); *Harris v. Potts,* 528 S.W.2d 321 (Tex.Civ.App.—Beaumont 1975, writ granted); *Hines v. Taylor,* 476 S.W.2d 81 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ). See also, *Dawson v. Tumlinson,* 150 Tex. 451, 242 S.W.2d 191, 192 (1951); *Moody v. Ireland,* 456 S.W.2d 494, 496 (Tex.Civ.App.—Waco, writ ref'd n. r. e.); *Patterson v. Hall,* 439 S.W.2d 140 (Tex.Civ.App.—Austin 1969, writ ref'd n. r. e.).

The doctrine is based on estoppel and to prevent fraud. *Hooks v. Bridgewater,* supra at 1117.

■ Here the jury found the parol gift was made in 1951, and this finding has support in the evidence. However, it (the jury) also found that prior to executing the contract to build their home (September 16, 1953) "Little Harvey" found out about the deed to John W. Mecom as trustee. And this finding is supported by sufficient evidence. Since the doctrine of parol gift is based on estoppel, and to prevent fraud, the permanent and valuable improvements would have had to be made by "Little Harvey" *prior* to knowledge that "Big Harvey" had deeded away the land. This the jury was not asked.

Further the finding that "Little Harvey" knew of the Mecom trustee deed before building the house, requires a finding that he took possession of the land prior to this time. See *Thurmon v. Atlantic Refining Company,* 336 S.W.2d 268, 273 (Tex.Civ.App.—Dallas 1960, writ ref'd n. r. e.):

"The possession required under *Hooks v. Bridgewater,* supra, is possession that is exclusive and adverse to the owner of the title to the land. 'In order for possession to serve as one of the elements necessary to remove the contract from the operation of the Statute of Frauds, the possession must be exclusive and adverse to the donor. There must be a complete surrender of possession by the donor.'" (Citing authorities) See also *Powell v. Wiley,* 141 Tex. 74, 170 S.W.2d 470 (1943).

■■ As for the claim of adverse possession, we are unable to see how "Little Har-

vey" could claim adversely to John W. Mecom after he began receiving and accepting the benefits of the trust, and with knowledge that Mecom had been deeded the land as trustee. It has been stated many times in Texas jurisprudence that to mature a title by limitation, the possession of the claimant must have been adverse or hostile. See *Warren v. Frederichs,* 83 Tex. 380, 18 S.W. 750 (1892); *Mhoon v. Cain,* 77 Tex. 316, 14 S.W. 24 (1890); *Oury v. Saunders,* 77 Tex. 278, 13 S.W. 1030 (1890); *Horton v. Crawford,* 10 Tex. 382 (1853); *Hall v. Hix,* 297 S.W. 491, 496 (Tex.Civ.App.—Fort Worth 1927, writ ref'd); *Chicago, R. I. & G. Ry. Co. v. Johnson,* 156 S.W. 253 (Tex.Civ. App.—Galveston 1913, no writ); *Gillespie v. Jones,* 26 Tex. 343 (1862). The possession and acts done on the land must be of such nature as to notify the true owner of the assertion of a hostile claim. See *Gillespie v. Jones,* 26 Tex. 343 (1862); *W. T. Carter & Bro. v. Richardson,* 225 S.W. 816 (Tex.Civ. App.—Beaumont 1920), 236 S.W. 978 (Tex. Com.App.1922, jdgmt. adopted); see also, *Scott v. Rodgers,* 6 S.W.2d 731 (Tex.Com. App.1928, jdgmt. of Court of Civ.App. reversed and rendered). It has been said that this burden rests on the claimant, the presumption being that claimant holds in subordination to the owners' title. See *Wichita Valley Ry. Co. v. Somerville,* 179 S.W. 671 (Tex.Civ.App.—Austin 1915, no writ); *Texas & N. O. R. Co. v. Williams,* 178 S.W. 701 (Tex.Civ.App.—Galveston 1915, no writ); *Billingsley v. Houston Oil Co. of Texas,* 182 S.W. 373, 378 (Tex.Civ.App.—Galveston 1915), 213 S.W. 248 (Tex.Com.App.1919 reversed on other points). How could John W. Mecom be on notice of "Little Harvey's" adverse possession when the latter accepted the trust payments every month of his life after its creation? These findings do not in our opinion give defendants title, and the points contending this are overruled.

■ Among defendants' points is one urging "[t]he trial judge erred in submitting Issues Nos. 7, 8, 9, and 10 conditionally, because defendants had requested that such submission be unconditional and had ten-

dered a similar, but unconditional, set of issues in substantially correct wording in writing, and the trial judge's conditional submission deprived defendants of their right to have these ultimate fact issues determined by the jury."

In Special Issue No. 7, the court inquired if "Little Harvey" and Elmer had possession of the land in question in good faith and made permanent and valuable improvements thereon. But, since it was conditioned on a "We do not" answer to the inquiry of whether "Big Harvey" orally gave the land to "Little Harvey" and Elmer (Special Issue No. 1), or on a "We do not" finding to the inquiry of adverse possession (Special Issue No. 5), the jury failed to answer the issue.

To repeat, the jury found a parol gift and adverse possession for the defendants. Special Issue No. 8 was conditioned on the jury answering "We do" to the issue on valuable improvements (Special Issue No. 7); and, since this was unanswered, it (the jury) did not answer Special Issue No. 8 inquiring the present value of said land including permanent improvements made by "Little Harvey" or Elmer prior to July 10, 1970. Likewise, the jury failed to answer Special Issue No. 9 which inquired of the present cash value of the land exclusive of the permanent improvements made by "Little Harvey" and Elmer prior to July 10, 1970.

Special Issue No. 10 asked the reasonable rental value of the land (exclusive of the improvements) during the period 1951 to 1970. Since it was conditioned on a "We do" answer to Special Issue No. 7, it, likewise, was unanswered.

Tex.Rev.Civ.Stat.Ann. art. 7393 (1960) provides:

"The defendant in any action of trespass to try title may allege in his pleadings that he and those under whom he claims have had adverse possession in good faith of the premises in controversy for at least one year next before the commencement of such suit, and that he and those under whom he claims have made permanent and valuable improvements on the lands sued for during the time they have had such possession, stating the improvements and their value respectively, and stating also the grounds of such claim."

We find no merit in the contention advanced. In *Parrish v. Jackson,* 69 Tex. 614, 7 S.W. 486, 487 (1888), the Court said:

"To constitute one a possessor in good faith he must not only believe that he is the true owner, and have reasonable ground for that belief, but he must be ignorant that his title is contested by any person claiming a better right. *Dorn v. Dunham,* 24 Tex. 366, 380."

Similar holdings may be found in this series of cases by our Supreme Court: *Pilcher v. Kirk,* 60 Tex. 162 (1883); *Sartain v. Hamilton,* 12 Tex. 219 (1854); *Houston v. Sneed,* 15 Tex. 307 (1855); *Dorn v. Dunham,* 24 Tex. 366 (1859); *Hutchins v. Bacon,* 46 Tex. 408 (1877); *House v. Stone,* 64 Tex. 677 (1885); *Gaither v. Hanrick,* 69 Tex. 92, 6 S.W. 619 (1887).

In the recent case of *Miller v. Gasaway,* 514 S.W.2d 90, 93 (Tex.Civ.App.—Texarkana 1974, no writ), the court cited *Parrish v. Jackson,* supra, and continued:

"It is generally held that one has the duty to investigate the records prior to erecting improvements, and that if an examination of such records would readily reveal the true status of his claim, he cannot qualify as a good faith improver. *Parrish v. Jackson,* supra; *West v. Peters,* 287 S.W. 81 (Tex.Civ.App., Galveston 1926, no writ); *Donaldson v. Rall,* 14 Tex.Civ.App. 336, 37 S.W. 16 (Tex.Civ. App.1896, writ dism'd); *Hall v. Wilson,* 215 S.W.2d 204 (Tex.Civ.App., Texarkana 1948, writ ref'd, n. r. e.)"

■ The record shows conclusively that "Little Harvey" began accepting payments from the trust in February 1952; thus, any recovery by the defendants is restricted to good faith improvements made prior to that date. The time period within which defendants may claim compensation is further limited by the jury's answer to Special Is-

sue No. 11 asking whether the land in question was conveyed to John Mecom, trustee, prior to the time "Little Harvey" and Elmer Mecom made any permanent and valuable improvements thereon. The jury found that it had been so conveyed, and there is evidence in the record to support this finding.

A finding that the land was conveyed before permanent and valuable improvements were made is, in effect, a finding that no such improvements were made before January 2, 1952, when the land was conveyed to John Mecom, trustee; and, this being so, defendants are not entitled to recover for anything done by them prior to that date. Under this record, then, the defendants could only recover for permanent and valuable improvements made during the less than two months' period between January 2, 1952, and the end of February 1952.

There is, however, no evidence in the record to show that any permanent and valuable improvements were made during this time. In order to go to the jury on these issues, defendants had the burden of pleading and proving the extent to which good faith improvements, if any, had enhanced the value of the land in question. *Sharp v. Stacy,* 525 S.W.2d 721, 723–724 (Tex.Civ.App.—Eastland 1975), affirmed Tex., 535 S.W.2d 345 (1976); *Herndon v. Reed,* 82 Tex. 647, 18 S.W. 665 (1891). Under this record the defendants failed to sustain their burden of proving the making of permanent and valuable improvements during the crucial time period; and, this being so, any error of the trial court in conditionally submitting Special Issues Nos. 7, 8, 9, and 10 was harmless error.

The judgment of the trial court is, therefore, affirmed.

AFFIRMED.

STEPHENSON, J., not participating.