COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-09-349-CV

 

 

LASALLE GUPTON,
STEPHANIE                                                     APPELLANTS

PATTERSON,
MONIQUE GUPTON, 

AND
YOLANDA RAWLSTON

 

                                                             V.

 

NATHANIEL
ALLEN

                                                                                                          APPELLEES

 

                                                       ------------

 

              FROM
THE 348TH DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                     MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction








Appellants
Lasalle Gupton, Stephanie Patterson, Monique Gupton, and Yolanda Rawlston
(collectively, the Guptons) appeal the judgment in favor of appellee Nathaniel Allen,
intervenor below, on his unjust enrichment claim and the trial court=s
order that the Guptons pay all ad litem attorney fees for defendants Ronaldo
Beasley and U.S. Affiliates, Inc. (the Defendants).  We reverse and render in part and affirm in
part.

II. 
Background

Appellant
LaSalle Gupton and his wife, Betty, bought a house in Fort Worth, Texas, in
1966.[2]  In 2005, the Guptons filed a lawsuit alleging
that Beasley fraudulently transferred the property to himself by deed in July
2002. Beasley recorded the alleged deed from Betty and LaSalle on July 10,
2002.  In 2003, Beasley transferred the
property to Joseph Lamar Butler, Jr. by warranty deed with vendors lien,
assigned Butler=s note to Richland Mortgage,
Inc., and filed the deed of trust with the county.  U.S. Affiliates bought the property on March
1, 2005, via a foreclosure sale.  The
property transferred from U.S. Affiliates to RTI Properties in September 2007.  Allen then purchased the property from RTI
Properties in December 2007.  








On
January 19, 2008, Patterson, LaSalle Gupton=s
daughter, drove by the house and saw people working on it.  She asked the workers to stop because the
Guptons had not authorized the work and had not sold the property.  After receiving Allen=s
contact information from the workers, Patterson phoned Allen on January 20,
2008, and Allen stopped the work on the property after speaking with his title
company. 

In
their original petition and in a ASynopsis@
filed with the trial court, the Guptons requested the trial court to order that
the Defendants=
deeds be declared invalid and removed from the Guptons=
title, that title be quieted in the Guptons, and that the Defendants pay
exemplary damages, attorney=s
fees, and litigation costs. 

          In March 2009, Allen intervened in the
Guptons=
lawsuit, stating that he 

does
not at this time affirm or deny the allegations made by [the Guptons] in this
lawsuit, but . . . does demand strict proof of [the Guptons=] claims.  If [the Guptons] cannot make strict proof of
their right to ownership of the property, then [Allen] requests the Court to
enter its Order declaring that [Allen] has title to, and [the Guptons] are
divested of title to, that portion of the property to which [the Guptons] are
unable to prove that they have title. 

 

In the alternative, Allen
sought Areimbursement
of the sums he has spent on the property@
because the Guptons Awould be unjustly enriched
if they were allowed to take title to and possession of the property without
having to pay for the expenditures made on the property that were their
responsibility had they actually exercised ownership rights.@ 








At
the March 31, 2009 bench trial, the Guptons and Allen appeared in person and
through their respective attorneys, and Beasley appeared through his appointed
attorney ad litem.[3]
 Allen testified that when he purchased
the property, he had not observed anyone living on the property since the early
1990s,[4]
that windows were shattered, that copper pipes and wiring were missing, that
trash was Aall
over@ the
inside and outside of the property, and that the City of Fort Worth had filed
mowing liens against the property.  In
December 2007, Allen spent $2,500 to have two trailers of debris removed from
the property and paid one-third of a $36,000 contract to begin repairing the
property.  Allen testified that all of
the work performed benefitted the property, but he did not offer evidence of
any improvement to the market value of the property resulting from the
work.  








On
July 6, 2009, the Guptons filed a motion for directed verdict against the
Defendants and Allen.  On September 10,
2009, the trial court declared Betty=s
and LaSalle=s
signatures on the deed to Beasley to be forged and voided any deed and title
claimed by Beasley and U.S. Affiliates, Inc. 
The trial court also denied the Guptons=
motion for directed verdict, imposed a superior lien and constructive trust on
the property for $14,500 in favor of Allen, imposed a lien in the amount of
$3,000 for Beasley=s ad litem attorney=s
fees, and adjudged all court costs against the Defendants jointly and
severally.  The Guptons timely filed
their notice of appeal. 

 

 

IV. 
Analysis

A.  Trespass to Try Title Action

 

In
their first issue, the Guptons contend that their lawsuit is one for trespass
to try title, that Allen was required to establish the amount by which his
improvements to the property increased the property=s
value, and that Allen failed to present any such evidence.  They argue that because Allen did not present
evidence of an increased value to the property as a result of his improvements,
Allen is barred from recovery.  In
contrast, Allen contends that his claim for reimbursement for improvements to
the property is based in equity; he contends that he is entitled to restitutionCnot
limited to the property=s enhanced value caused by
his repairs and improvementsCbecause
the Guptons would be unjustly enriched by virtue of his improvements to the
property.  








We
agree that the Guptons= suit is one for trespass to
try title.  Section 22.001(a) of the
property code states: AA trespass to try title
action is the method of determining title to lands, tenements, or other real property.@  Tex. Prop. Code Ann. ' 22.001(a)
(Vernon 2000).  In their original
petition, the Guptons asked that the trial court declare the deeds to the
Defendants invalid and that title be quieted in their favor.  In addition, Allen stated in his plea in intervention
that he was Athe
present record owner@ of the property and that Aif
[the Guptons] cannot make strict proof of their right to ownership of the
property, then [Allen] requests the Court to enter its Order declaring that
[Allen] has title to, and [the Guptons] are divested of title to@ the
property.  Thus, title to the property
was clearly at issue in the case, and the action was one for trespass to try
title under Chapter 22 of the property code. 
See id; see also Yoast v. Yoast, 649 S.W.2d 289, 292 (Tex.
1983) (AA
trespass to try title action is a procedure by which rival claims to title or
right of possession may be adjudicated.@).  And because the Guptons=
suit is one for trespass to try title, Allen is limited to recovery of the
amount by which his improvements increased the value of the property.  See Tex. Prop. Code Ann. ' 22.021(a);
see also Root v. Mecom, 542 S.W.2d 878, 882 (Tex. Civ. App.CBeaumont
1976, pet. dism=d) (stating that the person
claiming improvements to the property Ahad
the burden of pleading and proving the extent to which good faith improvements,
if any, had enhanced the value of the land in question@).








Here,
Allen cites no authority supporting his contention that he is entitled to
recover the cost of the improvements under the theory of unjust enrichment
because of his good-faith improvements to the Guptons=
real property.  Allen testified that he
hauled away trash, cleaned the property, and hired a contractor to begin
repairing the property.  However, Allen
did not present any evidence of the property=s
enhanced value as a result of the repairs and improvements to the
property.  Because Allen failed to
establish the amount of enhancement of the property=s
value because of the repairs or improvements, he is precluded from recovering
any compensation for the improvements.  See
Tex. Prop. Code Ann. ' 22.021(a).  We sustain the Guptons=
first issue.[5]     

B.  Guptons Solely Responsible For Ad Litem
Attorney Fees








In
their third issue, the Guptons urge this court to reverse the portion of the
trial court=s
judgment that requires them to pay all of the Defendants= ad
litem attorney fees and argue that Allen should be required to share half of
the ad litem attorney fees.  However, the
Guptons cite no legal authority and present no argument regarding this issue.  See Tex. R. App. P. 38.1(i) (providing
that a brief must contain appropriate citations to authorities).  An issue unsupported by argument or authority
presents nothing for the court to review.  AMX Enter., L.L.P. v. Master Realty Corp.,
283 S.W.3d 506, 525 (Tex. App.CFort
Worth 2009, no pet.) (op. on reh=g).  Accordingly, we overrule the Guptons=
third issue.

V. 
Conclusion

Having
sustained the Guptons= first issue, we reverse the
trial court=s
judgment of $14,500 for Allen and render judgment that Allen take nothing.  Having overruled the Guptons=
third issue, we affirm the remainder of the trial court=s
judgment.

 

ANNE GARDNER

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

 

DELIVERED:  October 28, 2010

 











[1]See Tex. R. App. P.
47.4.





[2]Betty Gupton died
intestate in 1975. 





[3]U.S. Affiliates, Inc.
failed to appear and did not file an answer despite being served with
citation.  Beasley was not located or
served and is believed to be a fictitious person. 





[4]Allen=s primary residence
is his parents= house, five houses
from the Guptons= property.   





[5]In light of our
disposal of the Guptons= first issue, we need
not address their second issue.  However,
we note that even if the Guptons= claim is not one for trespass to try title,
Allen would still be limited to recovery of the enhanced property value, not
the cost of the improvements.  See
Sharp v. Stacy, 535 S.W.2d 345, 351 (Tex. 1976) (AThe principle is well
established in equity that a person who in good faith makes improvements upon
property owned by another is entitled to compensation therefor. The measure of
compensation to the claimant is not the original cost of the improvements, but
the enhancement in value of the land by reason of the improvements.@).